# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL AUSTIN, | ) | |
| | ) | |
| v. | ) | No. 15 C 451 |
| | ) | |
| ASSISTANT WARDEN LINDSAY MACON. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Darryl Austin's (Austin) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

## BACKGROUND

In a bench trial in Illinois state court, Austin was convicted of being an armed habitual criminal (AHC), possession with intent to deliver within 1,000 feet of a church, and unlawful use of a weapon by a felon (UUWF). The state trial court sentenced Austin to three concurrent 15-year terms of imprisonment. Austin filed an appeal, and on July 20, 2012 the AHC and possession convictions were affirmed, but the UUWF conviction was vacated. Austin then filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, which was denied on January 29, 2014.

1

Austin had also separately filed a post-conviction petition in July 2011, which was dismissed by the trial court, and affirmed on appeal on May 24, 2013. The record does not reflect that any PLA was filed for that petition. Austin had also filed a petition for relief from judgment in October 2011, which was denied by the trial court and affirmed on March 15, 2013. The record does not reflect that any PLA was filed for that petition. On January 15, 2015, Austin filed the instant petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable

application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Austin's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, *Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Austin asserts in the Petition: (1) that the restriction on his right to bear arms violates his Second Amendment rights (Pet. 7, 17) (Claim 1), and (2) that the police lacked probable cause to search his apartment and violated his Fourth Amendment rights (Claim 2).

I. Claim 1

Respondent argues that Claim 1 lacks any merit. As indicated above, a petition must show that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. . . ." 28 U.S.C. § 2254(d). Austin argues that the state court conviction violates his Second

Amendment rights and is contrary to the law set forth in *District of Columbia v. Heller*, 554 U.S. 570 (2008). (Pet. 7, 17). The Court in *Heller* recognized "the individual right to possess and carry weapons in case of confrontation." *Id.* at 592. However, the Court did not hold that such a right with without limit, or that such rights could not be curtailed if a person had committed a felony. In fact, the Court specifically stated that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons. . . ." *Id.* at 627. Thus, Austin has not shown that an adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and Claim 1 lacks any merit.

II. Claim 2

Respondent argues that Claim 2 is procedurally defaulted.

A. Default

Respondent contends that Austin failed to raise Claim 2 through one complete round of the state court appellate review process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas

petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

The record does not reflect that Austin raised Claim 2 during his direct appeal. (Ex. A, E). Nor does the record indicate that Austin raised Claim 2 in his post-conviction petition or subsequent appeal. (Ex. G). Further, the record does not indicate that Austin raised Claim 2 in his petition for relief from judgment or subsequent appeal. (Ex. K, L). Therefore, Claim 2 is procedurally defaulted. Respondent also correctly points out that even if the claim was not procedurally defaulted, it would be barred. *See Turentine v. Miller*, 80 F.3d 222, 224-25 (7th Cir. 1996)(stating that generally, "criminal defendants may not seek collateral review of Fourth Amendment exclusionary rule claims under § 2254 if they received an opportunity for full and fair litigation of their Fourth Amendment claims in state

5

court" and that once "the petitioner has received a full and fair opportunity to litigate his Fourth Amendment claim in state court, and federal habeas corpus review is barred by" *Stone v. Powell*, 428 U.S. 465 (1976))(internal quotations omitted). Based on the above, the Petition is denied.

B. Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claim 2. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental

6

miscarriage of justice"). In the instant action, Austin has not provided facts showing that he was prevented from properly presenting Claim 2 in the state system in order to avoid the procedural default. Austin has not shown cause and prejudice. Nor has Austin shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Austin has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Austin shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Austin decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 21, 2015